# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DENNIS WHITE,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-193
Chief Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On July 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 10.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 11)

Petitioner challenges his May 6, 2015, convictions in the Franklin County Court of Common Pleas on two counts of kidnapping and four counts of rape. As his sole ground for relief, Petitioner asserts that he was denied the effective assistance of trial counsel, because his attorney failed to file a motion to dismiss the Indictment based on excessive pre-indictment delay. The Magistrate Judge recommended dismissal of this claim on the merits. Petitioner objects to the recommendations of the Magistrate Judge. He again raises the same arguments he previously presented. However, as discussed by the Magistrate Judge, the record does not indicate that a motion to dismiss the Indictment based on excessive pre-indictment delay would have been potentially meritorious, either based on a violation of State or federal law. Therefore, Petitioner cannot establish the denial of the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), on this basis. Moreover, he cannot establish that the state court's decision

rejecting this claim contravened or unreasonably applied federal law, or based its decision on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

2

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as unexhausted. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

                             _____ 8-15-2018
                             EDMUND A. SARGUS, JR.
                             CHIEF UNITED STATES DISTRICT JUDGE